IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DUBUQUE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-1039-2 |
| ) | |
| vs. ) | |
| ) | |
| ) | NOTICE TO THE COURT |
| CODI LYN DEMAIO, ) | TO CONTEST MANDATORY |
| ) | DETENTION FOLLOWING |
| Defendant. ) | PLEA HEARING |
| ) | |

COMES NOW, the above captioned Defendant, by and through her undersigned attorney and in support of this Notice to Contest Mandatory Detention following Plea Hearing, states as follows:

1. The Defendant's Plea Hearing is currently set for Thursday July 6, 2023, at 10:00 a.m., pursuant to the Court's Order dated June 27, 2023 (Doc. #46).

2. The Court's standing order issued January 4, 2021, orders that parties should notify chambers and opposing counsel if the party intends to seek a change in the Defendant's detention status at a plea hearing. The government, in their June 29, 2023, Rule 11 Letter to the Court indicated that following the guilty plea, detention is mandatory and that they are seeking detention pending sentencing.

3. The Defendant respectfully submits that exceptional circumstances exist based on Defendant Codi Demaio's current situation, including the care of her recently born baby.

4. The release or detention pending sentence is governed by 18 U.S.C. §3143.

1

The statute provides that generally, a person awaiting sentence must be detained, unless there is a narrow exception. There are two exceptions to the detention after a guilty plea or a conviction:

- The U.S. sentencing guidelines provide for a non-incarceratory sentence, **OR**
- The judicial officer determines by clear and convincing evidence that a person is (1) not likely to flee and (2) does not pose a danger to the safety of any other person or the community in general.

5. Certain categories of crimes have different rules for detention after a guilty plea. Specifically, if you plead guilty to:

- A Crime of Violence (as defined in 18 U,S.C. §16;
- Sex Trafficking of Children or by Force (18 U.S.C. §1591;
- Acts of Terrorism Transcending National Boundaries (18 U.S.C. Section 2332b(g)(5)(b)) for which a maximum term of imprisonment is 10 years or more,
- A controlled substance offense for which a maximum term of imprisonment is 10 years or more as prescribed in the Controlled Substances Act and the Controlled Substances Import and Export Act.

a judicial officer will order you to be detained pending sentencing unless either:

(a) The judicial officer finds that there is a substantial likelihood that a new trial will be granted (inapplicable in guilty plea cases), **OR**

(b) An attorney for the Government has recommended that no sentence of imprisonment be imposed, **OR**

(c) There are exceptional reasons to allow an individual to stay out pending sentencing, **AND**

The judicial officer determines by clear and convincing evidence that the person is (1) not likely to flee **OR** (2) pose a danger to any other person or the community.

6. The statute itself does not define the term "exceptional reasons" that must be present to avoid being detained after a guilty plea. The Second Circuit has described "exceptional reasons" permitting the release of a defendant subject to mandatory detention as those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Court's determination requires a case-by-case evaluation by the district judge, whose discretion is "constrained only by the language of the statute: 'exceptional reasons.'" *Id.*

7. In this case, Defendant Codi Demaio very recently had a baby, who was born in February, 2023, and is currently 4 & ½ months old. She also has custody of her 11 year old daughter. Codi Demaio has been out of custody on pretrial supervision since her arrest March 3, 2023, and has not had any violations over this period of over 4 months. It is critical for Ms. Demaio to continue bonding and attaching with her newborn baby for the babies' development, both physically and emotionally.

8. Studies have shown that during the first year of a newborn's life, bonding or attachment to the Mother is critical in their physical and emotional development. "Attachment" describes the strong emotional ties between the infant and caregiver, a reciprocal relationship developing over the first year of the child's life and particularly during the second six months of the first year. During this attachment period, the infant's social behavior becomes increasingly focused around the principal caregivers (Salkind, 2005).

3

9. The 20th century English psychiatrist John Bowlby formulated and presented a comprehensive theory of attachment influenced by evolutionary theory. Bowlby argued that the infant-parent attachment relationship develops because it is important to the survival of the infant, and that the period from six to twenty-four months of age is a critical period of attachment. This coincides with an infant's increasing tendency to approach familiar caregivers and to be wary of unfamiliar adults. After this critical period, it is still possible for a first attachment relationship to develop, albeit with greater difficulty (Salkind, *Encyclopedia of human development*. Sage Publications.2005).

WHEREFORE, the Defendant respectfully requests that the Court find that exceptional circumstances exist in this case, and continue Codi Demaio's release status pending sentencing.

 _/s/ Michael K. Lahammer_
Michael K. Lahammer
ATT 4425
425 2nd St. SE Suite 1010
Cedar Rapids, Iowa 52401
Phone: 319-364-1140
Fax: 319-364-4442
ATTORNEY FOR DEFENDANT
Email: mike@lahammerlaw.com

PROOF OF SERVICE
The undersigned certifies that the foregoing instrument was filed via CM/ECF on this 30th day of June, 2023, and all parties of record received copies.

.s. Michael K. Lahammer