IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DUBUQUE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 22-CR-1039-2 |
| Plaintiff, | ) ) ) | BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR |
| vs. | ) ) | REVOCATION OF ORDER OF DETENTION |
| CODI LYN DEMAIO, | ) ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

I.   **BACKGROUND**............................................................................

II.  **THERE ARE EXCEPTIONAL CIRCUMSTANCES
     WARRANTING MS. DEMAIO'S RELEASE PENDING
     SENTENCING**............................................................................

**I.   BACKGROUND**

Defendant Codi Lyn Demaio entered a plea of guilty on July 6, 2023, to the offense of Conspiracy to Distribute a Controlled Substance (methamphetamine) Near a Protected Location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a). Prior to entry of the plea, Ms. Demaio filed a Notice to the Court to Contest Mandatory Detention Following Plea Hearing (Dkt. 49). The Government, in its Rule 11 letter, had stated that it was seeking mandatory

1

detention in accordance with 18 U.S.C. § 3143(b)(2). Ms. Demaio had been released pending entry of a plea or trial on March 3, 2023. (Dkt. 36). No violations of her conditions of pretrial release have been noted.

In the Notice, Ms. Demaio asserted that there are exceptional circumstances warranting Ms. Demaio's release pending sentencing, in particular care of her recently born baby. Ms. Demaio's baby was born in February of 2023. She also has custody of her 11 year old daughter. It is critical for Ms. Demaio to continue bonding and attaching with her newborn baby for the baby's development, both physically and emotionally.

Studies have shown that during the first year of a newborn's life, bonding or attachment to the mother is critical to the baby's physical and emotional development. "Attachment" describes the strong emotional ties between the infant and caregiver, a reciprocal relationship developing over the first year of the child's life and particularly during the second six months of the first year and particularly during the second six months of the first year. During this attachment period, the infant's social behavior becomes increasingly focused around the principal caregivers (Salkind, Encyclopedia *of Human Development,* Sage Publications, 2005).

The 20th century English psychiatrist John Bowlby formulated and presented

2

a comprehensive theory of attachment influenced by evolutionary theory. Bowlby argued that the infant-parent attachment relationship developed because it is important to the survival of the infant, and that the period from six to twenty-four months of age is a critical period of attachment. This coincides with an infant's increasing tendency to approach familiar caregivers and to be wary of unfamiliar adults. After this critical period, it is still possible for a first attachment relationship to develop, albeit with greater difficulty. (Salkind).

The Government resisted release of Ms. Demaio pending sentencing. (Dkt. 52).

At the plea hearing, the parties discussed the issue with the Magistrate Judge. No additional evidence was offered other than a statement to the Court that Ms. Demaio was not breast-feeding the infant. (Plea Tr. 26). The Magistrate Judge ruled on the issue as follows:

> Ms. Demaio, I certainly appreciate the fact that you haven't had any difficulties on pretrial release, but as Mr. Lahammer indicated, that's not exceptional circumstances. It's what's really expected of people who are on pretrial release.
>
> Unfortunately in our country, a lot of people go to jail, and they leave their family in all different manner of circumstances, some worse than others.
>
> The Eighth Circuit Court of Appeals – we're part of the Eighth Circuit here in the Northern District of Iowa – they've

3

> given us some guidance on what it means to have exceptional circumstances. I don't know as they have addressed – I haven't seen it or I imagine one of the lawyers would have cited something more on point, haven't addressed it some – specifically as this, but I don't believe the Eighth Circuit would concluded and I do not conclude that having a four-and-a-half-month-old is exceptional circumstances that would warrant your release pending sentencing. I could be wrong about that, and Mr. Lahammer certainly knows how to take that up on appeal with the district court or with the Eighth Circuit Court of Appeals.
>
> So I do at this point determine that the defendant should be detained pending her sentencing.

Plea Tr. 26-27. *See also* Dkt. 58 (Report and Recommendation) at 6.

## II.  THERE ARE EXCEPTIONAL CIRCUMSTANCES WARRANTING MS. DEMAIO'S RELEASE PENDING SENTENCING

Release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143.

Subsection (b)(2) provides for mandatory detention of a person "found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142" unless: (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted;" or (2) "an attorney for the Government had recommended that no sentence of imprisonment be imposed;"

4

and (3) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to another person or the community." Ms. Demaio pled guilty to an offense described in § 3142(f)(1)(C), specifically an offense under the Controlled Substances Act "for which a maximum term of imprisonment of ten years or more is prescribed." In this case, neither of the first two conditions are satisfied and, thus, detention is mandatory. With regard to the third condition, the Court previously apparently made such a finding in releasing Ms. Demaio pretrial, although the Government apparently did not press for detention (likely due to the recent birth of Ms. Demaio's child). (Dkt. 35, 36).

There is, however, a further exception to detention under 18 U.S.C. § 3145(c), which provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2) and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

"Exceptional reasons" is not defined in the statute. There is little case law on the issue. The Eighth Circuit has stated that exceptional reasons are "clearly out of the ordinary, uncommon, or rare." *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (quoting *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004)).

5

In *Larue*, the Court concluded that paying child support was not exceptional because it was not out of the ordinary, uncommon or rare. *See Larue*, 478 F.3d at 925-26. Staying out to work to pay child support, which many defendant parents may wish to do, is substantially different than a mother caring for, and bonding with, a newborn child. *Brown* concluded that remaining in a treatment program for depression and potential violence in the local jail due to his conviction for child pornography were not exceptional reasons. *See Brown*, 368 F.2d at 993.

The closest Eighth Circuit case is *United States v. Nickell*, 512 F. App'x 660 (8th Cir. 2013), although *Nickell* is distinguishable. In that case, the Eighth Circuit found that the defendant's responsibility for taking care of three young children was not exceptional. However, the defendant was the father and the specific ages of the children are not set forth in the sparse opinion.

In this case, a criminal defendant, such as Ms. Demaio, with a newborn is out of the ordinary, uncommon and rare. Although criminal defendants often do have children, it is not common for a federal criminal defendant to be a mother with a newborn. Although information regarding the number of such defendants is difficult to find, counsel has located a March 2021 report by the Bureau of Justice Statistics entitled *Parents in Prison and Their Minor Children*, which reviewed data from the 2016 Survey of Prison Inmates (Ex. A). Table 4 at page 4 reflects

6

that 0.2% of female inmates in federal prison had a child younger than one. A footnote to that statistic states "Interpret with caution. Estimate based on 10 or fewer sample cases, or coefficient of variation is greater than 50%." Only 0.9% of female state inmates had a child younger than 1. Thus, a federal defendant with a child less than 1 is an extremely rare occurrence. As previously discussed, the necessity of a newborn child bonding with his or her mother provides the exceptional reason relating to this rare occurrence for release pending sentencing.

Although compliance with pretrial release conditions does not, in and of itself, constitute exceptional reasons, *see Larue*, 478 F.3d at 925; *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010), it is a factor that the Court can and should consider along with the need for Ms. Demaio to care for, and bond with, her newborn in determining whether exceptional reasons exist. Further, compliance with pretrial release conditions is highly relevant to the secondary question of whether the release of Ms. Demaio would create any risk of nonappearance or any danger to another person or the community.

For the above stated reasons, Defendant Codi Lyn Demaio respectfully requests the Court to find that exceptional reasons exist, revoke the Magistrate Judge's Order of detention, and to permit Ms. Demaio to remain released on conditions pending sentencing.

Respectfully submitted,

__/s/ Michael K. Lahammer_____
Michael K. Lahammer
Attorney for the Defendant
425 2nd Street SE, Suite 1010
Cedar Rapids, Iowa 52401
(319) 364-1140
michael.lahammer@lahammerlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on the date reported below, I filed the foregoing Motion For Revocation of Order of Detention through the Court's Electronic Filing System, which should cause a copy to be served electronically upon: Office of the United States Attorney, and Devra Hake.

Dated: 07/21/2023      __/s/ Michael K. Lahammer_____
                                        Michael K. Lahammer

8